RULEY, JUDGE:
Sometime between 7:00 and 7:15 a.m. on June 21, 1979, the claimant was driving her 1975 Mercury automobile in an easterly direction on Washington Street in Charleston, West Virginia. As she was turning left toward a private driveway, it being her intention to reverse her direction, the left front side of her vehicle was struck by an eastbound automobile owned by the respondent and driven by its employee, Fred Hess. At the place where the accident occurred, there were double solid yellow lines painted in *246 the middle of the street. Mr. Hess testified that the claimant gave no signal of her intention to turn left, and the claimant testified that “I cannot absolutely swear that I had my directional signal on***.” Apparently, the claimant had slowed and swerved to her right before beginning the left turn. The claimant seeks recovery of damages to her vehicle in the sum of $325.79.
It appears that Mr. Hess was negligent in failing to exercise reasonable control of the vehicle he was operating under the existing conditions. However, the claimant was also negligent in that she violated West Virginia Code §17C-8-8(b), which provides that “A signal of intention to turn right or left when required shall be given continuously during not less than the last one hundred feet traveled by the vehicle before turning.” In view of this circumstance, it appears to the Court that the claimant was guilty of negligence equal to or greater than that of the respondent; therefore, this claim must be denied. Bradley v. Appalachian Power Co., ....W.Va. 256 S.E.2d 879 (1979).
Claim disallowed.